# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CAT PORTAL,

        Appellant,

      v.

DEPARTMENT OF LABOR,

        Agency.

DOCKET NUMBER
DC-0752-14-0225-I-1

DATE: February 27, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Cat Portal, Arlington, Virginia, pro se.

Katherine Brewer, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed without good cause shown for the delay. For the reasons discussed below, we GRANT the petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 Effective August 8, 2011, the agency removed the appellant from her Computer Assistant position with the Bureau of Labor Statistics for failure to follow leave requesting procedures and absence without leave. Initial Appeal File (IAF), Tab 7 at 73-75. In its August 5, 2011 decision letter, the agency informed the appellant that she had the right to appeal the decision to the Board or to grieve the decision under the applicable collective bargaining agreement, but not both. *Id.* at 74. The agency also notified the appellant of her right to file an equal employment opportunity (EEO) complaint with the agency if she was claiming discrimination. *Id.* at 75.

¶3 On November 3, 2011, the appellant's union filed a grievance of the removal action, which proceeded to arbitration. IAF, Tab 7 at 68-70. After holding a hearing, the arbitrator issued a decision on December 10, 2012, dismissing the grievance as untimely. *Id.* at 47-66.

¶4 On January 10, 2013, the appellant initiated the EEO process by contacting the agency's Civil Rights Center and filing an informal EEO complaint regarding her removal, alleging that the agency removed her based on disability discrimination and in reprisal for her prior EEO activity. *See* IAF, Tab 7 at 14, 43-45; Tab 15 at 18. She subsequently filed a formal EEO complaint, which the agency received on March 1, 2013. IAF, Tab 7 at 41; Tab 15 at 18.

¶5 By letter dated May 7, 2013, the agency notified the appellant that it had determined that her EEO complaint was timely and had accepted it for investigation. IAF, Tab 15 at 12 n.1. In its letter, the agency explained that it had deemed the appellant's EEO complaint timely because the Equal Employment Opportunity Commission (EEOC) has found that "when a grievance on the same matter is found to be untimely[,] … the claim can be pursued within the Agency's

EEO process and the timeframe for raising the claim begins anew when the decision upon the grievance is received by the complainant." *Id.* (citing *Hoffman v. Federal Deposit Insurance Corporation*, EEOC Appeal No. 01982239, 1999 WL 146642 at *2 (Mar. 3, 1999), citing *Chai v. National Aeronautics & Space Administration*, EEOC Appeal No. 01953902, 1998 WL 422036 (July 10, 1998)); *see* IAF, Tab 15 at 20-28. The agency adjudicated the appellant's EEO complaint on the merits and issued a final decision (FAD) on October 25, 2013, finding no discrimination and advising the appellant of her right to appeal the decision to the Board. IAF, Tab 7 at 14-25.

¶6      The appellant filed an appeal with the Board by electronic submission on November 22, 2013. IAF, Tabs 1, 8. By letter dated November 26, 2013, the Board rejected the appellant's November 22, 2013 filing because she did not identify what action she was appealing or name the agency against which she was filing the appeal. IAF, Tab 1. In its letter, the Board informed the appellant that she could correct these deficiencies and refile her appeal within ten days of its letter. *Id.* The appellant refiled her appeal on December 4, 2013. IAF, Tab 2.

¶7      The administrative judge issued a timeliness order in which she stated that "[f]or the purposes of calculating timeliness the appellant filed her appeal November 26, 2013." IAF, Tab 5. The administrative judge ordered the appellant to file evidence and argument showing that she filed her appeal on time or that good cause existed for the filing delay. *Id.* In response, the appellant submitted documentation showing that she filed an appeal with the Board on November 22, 2013. IAF, Tab 8.

¶8      The administrative judge then conducted a telephonic status conference with the parties. *See* IAF, Tab 13. In her written summary of the status conference, the administrative judge stated that this appeal appeared to be timely because it appeared that the appellant filed her appeal on November 22, 2013, less than 30 days after the agency issued the FAD. *See* IAF, Tab 13 at 1. The administrative judge noted, however, that the agency argued that the appellant's

"appeal to the EEO office was untimely, as it was filed 17 months after the effective date of her removal on August 8, 2011." *Id.* The administrative judge explained that she did not find that the Board would consider the appellant's Board appeal untimely in light of the fact that the agency in its FAD did not dismiss the appellant's EEO complaint as untimely, but, rather, adjudicated it on the merits. *Id.* The administrative judge provided the agency an opportunity to submit supporting legal authority and argument for its position. *Id.* at 2.

¶9    In response, the agency argued that the Board should not defer to its determination that the appellant's EEO complaint was timely for two reasons. IAF, Tab 15 at 7-9. First, the agency argued, the EEOC precedent that guided the agency in reaching that determination is "unsupportable" because it is based on an incorrect interpretation of the forum election provisions of 5 U.S.C. § 7121(d) and is contrary to 5 U.S.C. § 7702(f), the savings clause of the mixed case statute. *Id.* at 7-8, 9. The agency further argued that, although the Board must defer to the EEOC on matters of substantive discrimination law, it does not defer to the EEOC on matters of civil service law, and the EEOC precedent on which the agency relied in determining that the appellant's EEO complaint was timely concerns a matter of civil service law. *Id.* at 8.

¶10   Without holding the requested hearing, the administrative judge issued an initial decision finding that the Board has jurisdiction over the appeal and dismissing it as untimely filed.[2] IAF, Tab 28, Initial Decision (ID) at 1, 3, 8. The administrative judge rejected the agency's determination that the appellant's EEO complaint was timely, finding instead that her EEO complaint was untimely filed because she did not contact the agency's EEO counselor within 45 days of the alleged discriminatory action (i.e., her removal), as required by 29 C.F.R.

---

[2] The administrative judge properly found that the untimely filing of the grievance precluded it from being considered a valid election under 5 U.S.C. § 7121(e)(1). ID at 3. While it appears incongruous to give someone who has improperly invoked one remedial scheme the benefit of another remedial scheme, we are constrained by the relevant statutory language.

§ 1614.105. ID at 4-5. In making this finding, the administrative judge acknowledged that the EEOC has held that, when a grievance is dismissed as untimely, a complainant is not precluded from filing an EEO complaint that would otherwise be barred by time. ID at 5 (citing *Ball v. U.S. Postal Service*, EEOC Appeal No. 01924256, 1994 WL 1841135 (Jan. 31, 1994)); *see* IAF, Tab 15 at 29-33. The administrative judge found, however, that the EEOC's position on this issue is not supported by any law, rule or regulation and, thus, is not entitled to deference. ID at 5-6. In addition, the administrative judge found that the Board need not defer to the EEOC on this issue because the time limit for filing a mixed case or appeal is an issue of civil service law, not discrimination law. ID at 5-6.

¶11 Having found that the appellant's EEO complaint was untimely filed, the administrative judge then considered whether the instant appeal is timely under 5 C.F.R. § 1201.22, which requires that an appeal be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. ID at 6-8. The administrative judge found that the appellant filed her appeal 807 days late, as she was removed on August 8, 2011, but did not file her appeal until November 22, 2013. ID at 7 (citing IAF, Tab 1, Tab 7 at 73-75, Tab 8). The administrative judge found that, even if the appellant did not receive the agency's decision until November 3, 2011, as she claimed on her grievance form, the appeal was 760 days late. ID at 7; *see* IAF, Tab 7 at 69-70. She also found that the appellant failed to show good cause for the untimely filing of her appeal. ID at 7-8. Accordingly, the administrative judge dismissed the appeal as untimely filed without a showing of good cause for the delay. ID at 8.

¶12 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 5.

**ANALYSIS**

<u>The administrative judge should have deferred to the agency's determination that the appellant's EEO complaint was timely.</u>

¶13    It is well settled that the Board defers to the employing agency's and to the EEOC's determinations regarding the timeliness of discrimination complaints. *See Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 6 (2011) (citing *Black v. Office of Housing and Urban Development*, 66 M.S.P.R. 283, 287 (1995); *Vess v. Department of the Air Force*, 54 M.S.P.R. 578, 580 (1992); and *Nabors v. U.S. Postal Service*, 31 M.S.P.R. 656, 660 (1986), *aff'd*, 824 F.2d 978 (Fed. Cir. 1987) (Table)).    As noted above, the agency determined that the appellant's EEO complaint was timely and issued a FAD denying her complaint on the merits. IAF, Tab 7 at 14-25; Tab 15 at 12-14.    Accordingly, we find that the appellant's EEO complaint was timely filed.

<u>The appellant's Board appeal is timely.</u>

¶14    When, as here, an appellant has timely filed a formal mixed case EEO complaint with her agency prior to filing a Board appeal, the timeliness of the Board appeal is analyzed under 5 C.F.R. § 1201.154.  *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 7 (2005).  Under 5 C.F.R. § 1201.154(b)(1), (2), if an appellant first timely files a formal mixed case complaint with her agency, she must then file a Board appeal within 30 days after she receives the agency resolution or final decision on the discrimination issue, or, if the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, she may appeal the matter directly to the Board at any time after the expiration of 120 days. *Id.*, ¶ 9.

¶15    As noted above, the agency issued the FAD finding no discrimination on October 25, 2013, and the appellant filed this appeal on November 22, 2013. IAF, Tab 1, Tab 7 at 25, Tab 8.  Therefore, this appeal was timely filed under 5 C.F.R. § 1201.154(b)(1).

**ORDER**

¶16      For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.